L. CHARLES WRIGHT, Retired Appellate Judge.
Sylvia Hunt filed a complaint for wrongful discharge against Aratex Services, Inc. Aratex filed a “Motion to Dismiss or, in the alternative, Motion for Summary Judgment.” The motion was granted. Hunt appeals.
From the scant record before us, we are able to glean the following facts. Hunt was allegedly injured while in the employment of Aratex in February 1989. She was still convalescing when she received notice from Aratex that she would be terminated effective October 1989. It appears that a dispute arose between the parties concerning Hunt’s workmen’s compensation benefits. The parties determined to settle the matter. In April 1991 their agreement was adopted by the Circuit Court of Morgan County. That agreement provided in pertinent part the following:
“7. A bona fide dispute and controversy has arisen between the parties over the nature and extent, if any, of the permanent partial disability to the plaintiff’s hands. Plaintiff petitions this Court to approve a settlement of this matter as follows:
“Defendant shall pay to the plaintiff/employee the sum of $17,000.00. Upon payment of said sum, receipt of which is hereby acknowledged by the plaintiff, defendant and its insurance carrier shall be forever discharged from any obligation for compensation benefits of whatsoever nature, whether temporary total, temporary partial, permanent partial, permanent total or otherwise. In addition, and for additional consideration of the sum of $3,000.00 paid by defendant, defendant shall forever be discharged from all future liability for any vocational rehabilitation benefits. Therefore, upon payment of the total sum of $20,000.00, defendant is fully discharged from all future liability except for such future medical benefits as required by the Workmen’s Compensation Act in effect on the date of the plaintiffs injury.
“8. Plaintiff further recognizes that her injuries may later become more severe than they are at the present time or that the injuries may later involve other areas of the body than those that are affected at the present time. This settlement concludes all workmen’s compensation claims which the plaintiff has for any injuries sustained while working with the defendant through the date of this order.
“9. This settlement is substantially in accordance with § 25-5-56 and § 25-5-57 of the 1975 Code of Alabama. When all payments hereunder have been *366 made, the defendant/employer shall be, and hereby is released from all claims on account of said injury, under said Act or otherwise.” (emphasis added)
In May 1991 Hunt filed her complaint for wrongful discharge pursuant to § 25-5-11.1, Code 1975. That statute provides that “[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker’s compensation benefits.... ” She alleged in her complaint that she was terminated by Aratex for exercising her rights to compensation under the workmen’s compensation statute.
Aratex filed its motion to dismiss/motion for summary judgment asserting that Hunt was barred from pursuing such action because she had released Aratex from future liability in the April 1991 agreement. Ara-tex alternatively complained that the doctrine of res judicata prohibited Hunt’s legal endeavor. Aratex based its motion on the pleadings and a copy of the April 1991 agreement. Both parties submitted memorandum briefs in support of their positions. Following a brief hearing on the motion, the trial court summarily granted Aratex’s motion for summary judgment.
We must determine, therefore, whether the release and/or the doctrine of res judi-cata bar Hunt from pursuing her wrongful discharge claim.
Hunt insists that the release is unambiguous and that it releases Aratex from liability arising solely from the physical injuries she sustained while at work. Aratex agrees that the release is unambiguous. It interprets the release, however, tó be a general release from “all” claims.
Whether a release is ambiguous is a question for the trial court. Baker v. Blue Circle, Inc., 585 So.2d 868 (Ala.1991). In determining if the language of the release is unambiguous, a court must give the words of the release their ordinary meaning. Baker.
We find the language of the release, scrutinized in its entirety, to be clear and unambiguous. It is not a general release. It releases Aratex solely from all present or future claims arising under the compensation statute “on account of said injury.” Hunt does not allege a cause of action for injury or disability arising from the accident and injury. Rather, her wrongful discharge claim, based on § 25-5-11.1, presents a separate and distinct cause of action. In Macon v. Huntsville Utilities, 613 So.2d 318 (Ala.1992), the supreme court recently determined that an action for wrongful discharge under § 25-5-11.1 was an action based on an intangible property right, and therefore distinguishable from an action arising out of the workmen’s compensation act.
Hunt’s release does not bar her present cause of action.
Hunt further contends that her cause of action is not barred by the doctrine of res judicata.
The essential elements of res judi-cata are: a prior judgment on the merits, rendered by a court of competent jurisdiction, with substantial identity of the parties, and with the same cause of action presented in both suits. Lemon v. Samuels, 578 So.2d 1329 (Ala.Civ.App.1990). As previously discussed, the two actions are based on two different and distinct causes of action. The workmen’s compensation action was based on injuries sustained by Hunt while employed by Aratex. The wrongful discharge action is based on Ara-tex’s actions after the injuries had been sustained. The doctrine is not applicable in this instance because the same causes of action were not presented in both suits. Macon.
Aratex suggests that the grant of summary judgment should be affirmed on the authority of Meek v. Diversified Prods. Corp., 575 So.2d 1100 (Ala.1991). We disagree. Though the facts are somewhat similar, there is no parallel between the issues presented for review. In Meek the only issue presented and reviewed by the supreme court was whether the trial court correctly utilized the Alabama Litigation Accountability Act, § 12-19-270, Code *367 1975, in its award of attorneys’ fees. The cases are distinguishable, and Meek is not dispositive of this appeal. Furthermore, Aratex’s insistence, based on its interpretation of Meek, that Hunt was required by Rules 15 and 42, Alabama Rules of Civil Procedure, to consolidate her present action with her workmen’s compensation action, is meritless. Rule 15 is not applicable to the present factual situation and Rule 42 does not provide for mandatory consolidation of causes of action in one suit. Rule 42 permits consolidation of suits by the court.
The trial court erred in granting Aratex’s motion for summary judgment. This cause is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.