The plaintiff, Sylvia Hunt, contended that she was injured on February 27, 1989, while working for the defendant. Specifically, she claimed to suffer an alleged on-the-job injury sustained while she was employed at Aratex fromcarpal tunnel syndrome[1] in both wrists and she alleged that it had been caused by her employment with *Page 368 
the defendant, Aratex Services, Inc., a subsidiary of ARA Services, Inc. (hereinafter the defendant is referred to as "Aratex"). In October 1989, when she had not returned to her job with Aratex (having been away from her work since February) Aratex terminated her employment, pursuant to a company policy by which an employee was removed from the active payroll after missing six months of work due to illness. On July 6, 1990, Hunt filed a worker's compensation action against Aratex, based on her alleged on-the-job injury. Although Aratex denied liability, it resolved Hunt's claim against it by petitioning for a lump-sum settlement, which the trial court approved. Thereafter, Hunt sued Aratex, alleging that she had been wrongfully discharged from her employment because she had filed a worker's compensation claim.[2] Aratex answered, raising, among other things, the affirmative defenses of release and res judicata; and it filed a motion to dismiss or, in the alternative, a motion for summary judgment. In support of its motion, Aratex relied upon the petition and proposed settlement previously executed between the parties in the worker's compensation action; upon certain portions of Hunt's deposition testimony taken in the worker's compensation case; and upon a memorandum brief. The trial court entered a judgment for Aratex.[3]
The Court of Civil Appeals reversed, holding that the release executed by Hunt in the worker's compensation action was "not a general release." See Hunt v. Aratex Services, Inc.,622 So.2d 364 (Ala.Civ.App. 1992). That court overruled Aratex's application for rehearing and denied its Rule 39(k), A.R.App.P., motion. Aratex petitioned for a writ of certiorari, which we issued to determine whether Hunt's execution of the release in her prior worker's compensation case barred her claim for retaliatory discharge.
The settlement agreement between Hunt and Aratex stated in part:
 "7. A bona fide dispute and controversy has arisen between the parties over the nature and extent, if any, of the permanent partial disability to [Hunt's] hands. [Hunt] petitions this court to approve a settlement of this matter as follows:
 ". . . [U]pon payment of the total sum of $20,000, [Aratex] is fully discharged from all future liability except for future medical benefits as required by the Workmen's Compensation Act in effect on the date of [Hunt's] injury.
 "9. . . . When all payments hereunder has [sic] been made [Aratex] shall be, and hereby is released from all claims on account of said injury, under said Act or otherwise."
(Emphasis added.) Hunt had been discharged by Aratex before she executed the release. The language of the release is virtually identical to the language of the release at issue inSanders v. Southern Risk Services, 603 So.2d 994 (Ala. 1992), a case decided after the Court of Civil Appeals had issued its opinion in this case.
In Sanders, an employee, Sanders, sued his former employer and his employer's worker's compensation insurance carrier, alleging that he had been discharged from his employment because he had filed a worker's compensation claim, that he had been denied rehabilitation expenses, and that a fraud had been committed on him with regard to the computation of his worker's compensation benefits. Sanders entered into a worker's compensation court-approved settlement for his work-related injury, which settlement read in part as follows:
 "Employee and employer disagree as to what, if any, disability resulted to said employee from the accident. . . .
 " . . .The employee has received the sum of $7,451.91 in temporary total disability benefits . . . and in the interest of *Page 369 
settlement, the employer agrees to pay and the employee agrees to accept the sum of $7,500.00 in one lump sum in full settlement of any and all claims for compensation benefits due and rehabilitation or retraining benefits due under the Workmen's Compensation Act of the State of Alabama. The employer has paid all medical expenses incurred by the employee to date and shall be responsible for any medical or surgical expenses required by the Workmen's Compensation Act to be paid.
 "This settlement is substantially in accordance with Ala. Code 1975, §§ 25-5-56 and 25-5-57, as amended. When payment hereunder has been made the employer shall be, and hereby is released from all claims on account of said injury, under said Act or otherwise. . . ."
603 So.2d at 995. (Emphasis added.)
The trial court entered a judgment for the employer. Sanders appealed. In regard to Sanders's retaliatory discharge claim, because (as in this case) the employee had signed a settlement petition approved by the trial court, because (as in this case) there was no evidence of fraud, and because (as in this case) the employee had not expressly reserved the right to pursue a specific claim except for future medical expenses, this Court held that the release was a general release. This Court said:
 "Unless there is evidence of fraud, a settlement of an employee's claims under the Workmen's Compensation Act is conclusive of any other claims the worker may have. . . . In light of the settlement agreement signed by all parties, which on its face releases [the employer] from all other obligations to [the employee], except future medical expenses, . . . we conclude that the summary judgment was proper."
Sanders, 603 So.2d at 995-96.
In this case, there was no allegation of fraud and there is no evidence of fraud. Therefore, the settlement of Hunt's claim under the Worker's Compensation Act was "conclusive of any other claims" she might have had except those claims expressly reserved in the release. See Regional Health Services, Inc. v.Hale County Hospital Board, 565 So.2d 109 (Ala. 1990). Hunt did not expressly reserve her claim for wrongful discharge; the only claim she reserved was a claim for "such future medical benefits as required by the Workmen's Compensation Act in effect on the date of [her] injury."
Based on the foregoing, we conclude that the trial court properly held that Hunt's claim alleging wrongful discharge, filed under § 25-5-11.1, was barred by the release agreement with Aratex. We, therefore, reverse the judgment of the Court of Civil Appeals and remand the case for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL and KENNEDY, JJ., concur.
[1] "Carpal tunnel syndrome" is defined as "[p]ain and paresthesia (tingling, burning, and numbness) in the hand area of distribution of the median nerve, caused by compression of the median nerve by fibers of the flexor retinaculum. Stedman's Medical Dictionary 1524 (25th ed. 1990).
[2] We note that the law firm that represented Hunt in her worker's compensation case also represented her in this wrongful discharge action. 
[3] The trial judge who entered the judgment for Aratex was the same trial judge who had approved Hunt's lump-sum worker's compensation settlement.