879 So.2d 535 (2003)
Ex parte The CITIZENS BANK.
(In re The Citizens Bank
v.
Bobby Norwood).
The Citizens Bank
v.
Bobby Norwood.
1010786, 1010285, and 1010951.
Supreme Court of Alabama.
May 23, 2003.
Rehearing Denied October 3, 2003.
*537 William H. Mills of Redden, Mills & Clark, Birmingham, for petitioner/appellant The Citizens Bank.
Thomas E. Baddley, Jr., and Jeffrey P. Mauro of Baddley & Mauro, LLC, Birmingham, for respondent/appellee Bobby Norwood.

On Application for Rehearing
PER CURIAM.
The Citizens Bank appealed the trial court's judgment entered on a jury verdict in favor of Bobby Norwood and against Citizens Bank; this Court affirmed, without an opinion. See Citizens Bank v. Bobby Norwood, 779 So.2d 254 (Ala.1999) (table). Citizens Bank later returned to the trial court and filed what it called "an independent action" under Rule 60(b), Ala. R. Civ. P., contesting the same judgment. In that action, the trial court refused to grant Citizens Bank the relief it sought; Norwood then moved for an award of attorney fees. The trial court stated that it believed that it had retained jurisdiction to award attorney fees and found Citizens Bank liable for $24,186.35 in attorney fees.
Citizens Bank appealed the trial court's order in its Rule 60(b) action and the award of attorney fees. Citizens Bank also petitioned this Court for a writ of mandamus directing the trial court to set aside the award of attorney fees. This Court dismissed Citizens Bank's petition for the writ of mandamus; the Bank has filed an application for a rehearing of that denial.
This case has produced three proceedings that are presently pending before this Court: (1) The Citizens Bank v. Bobby Norwood (case no. 1010285), the appeal of the trial court's order in favor of Norwood in Citizens Bank's Rule 60(b) action; (2) Ex parte The Citizens Bank (case no. 1010786), the application for a rehearing on this Court's denial of Citizens Bank's petition for the writ of mandamus; and (3) The Citizens Bank v. Bobby Norwood (case no. 1010951), the appeal of the trial court's award of attorney fees to Norwood.

The Appeal of the Rule 60(b) Order (case no. 1010285)
Citizens Bank, in case no. 1010285, seeks our review of the trial court's refusal to grant Citizens Bank relief on its Rule 60(b), Ala. R. Civ. P., motion. Citizens Bank asserted in its Rule 60(b) motion that it is entitled to relief from the original judgment against it under Rule 60(b)(4) on the ground that the original judgment entered on the jury verdict was void, or under Rule 60(b)(6), for "any other reason justifying relief." This Court has stated the standard of review in an appeal seeking relief under Rule 60(b)(4) and (6):
"The decision to grant or to withhold Rule 60(b)(6) relief being discretionary, the trial court's decision will not be reversed except for an abuse of that discretion. Textron v. Whitfield, 380 So.2d 259 (Ala.1979).
"On the other hand, a Rule 60(b)(4) motion has a different standard of review on appeal. When the grant or denial turns on the validity of the judgment, *538 discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand. Wonder v. Southbound Records, Inc., 364 So.2d 1173 (Ala.1978). A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Ibid."
Smith v. Clark, 468 So.2d 138, 140-41 (Ala. 1985).
Citizens Bank alleges that an investigation of the jurors, which it conducted after this Court had affirmed the trial court's judgment, showed that certain members of the jury were related to Norwood, that one member of the jury had not been a resident of the jurisdiction for the requisite 12 months to qualify for jury service, and that one member of the jury had a criminal conviction that he did not disclose on his juror questionnaire that, Citizens Bank argues, disqualified him from serving on the jury. Citizens Bank argues that these alleged facts render the original judgment void and that, therefore, it is entitled to relief under Rule 60(b)(4) in the form of a new trial.
Whether a judgment is void is a question of law. A judgment is void only if the trial court lacked subject-matter jurisdiction or jurisdiction over the parties, or if the trial court acted in a manner inconsistent with due process. Smith v. Clark, 468 So.2d at 140-41. Citizens Bank does not allege that the trial court lacked subject-matter jurisdiction or jurisdiction over the parties, and its only due-process allegation is that some jurors who served on the jury that heard its case might not have been qualified to serve as jurors. However, Citizens Bank acknowledges that it appealed the original judgment in favor of Norwood, and that only after more than two years  after its appeal was unsuccessful  did it perform the investigation that formed the basis for its Rule 60(b) action seeking to overturn the original verdict and judgment and to obtain a new trial. Citizens Bank does not suggest that it was unable to perform that investigation earlier; therefore, Citizens Bank has not been denied due process of law. Rule 60(b) is neither a substitute for a timely and appropriate appeal nor a mechanism for obtaining a second appeal. Because the judgment is not void, the trial court did not err in not granting Citizens Bank the relief it sought under Rule 60(b)(4).
Citizens Bank also argues that it is due relief in the form of a new trial under Rule 60(b)(6), Ala. R. Civ. P., which grants relief for "any other reason justifying relief from the operation of the judgment." "This Court has held that a Rule 60(b)(6) motion must be based on some reason other than those reasons stated in (1) through (5)." Ex parte State ex rel. J.Z., 668 So.2d 566, 570 (Ala.1995). Citizens Bank's only argument to support its claim that it is due a new trial under Rule 60(b)(6) is that this "catchall" provision of Rule 60(b) "allows courts to set aside judgment `when necessary to accomplish justice.' See Blackwell v. Adams, 467 So.2d 680, 683 (Ala.1985)." Although Citizens Bank argues that the scope of Rule 60(b)(6) is broad, it does not raise any independent basis for granting it a new trial; instead, Citizens Bank relies on the same arguments it presented for finding the earlier judgment void under Rule 60(b)(4), namely, that certain jurors should not have served on the jury. Citizens Bank offers no evidence indicating that it exercised due diligence in examining the jurors before they were empaneled, and "[f]ailure to use due diligence in testing jurors as to qualifications or grounds of challenge is an effective waiver of grounds of challenge; a defendant cannot sit back *539 and invite error based on a juror's disqualification." Holland v. Brandenberg, 627 So.2d 867, 870 (Ala.1993).

Citizens Bank has failed to show that the trial court abused its discretion in not granting a new trial under Rule 60(b)(6), Ala. R. Civ. P. Smith v. Clark, 468 So.2d at 140-41. Therefore, we affirm the order of the trial court refusing to grant Citizens Bank a new trial.

The Appeal of the Award of Attorney Fees and the Petition for the Writ of Mandamus (case no. 1010951 and case no. 1010786)
Citizens Bank appealed the trial court's award of attorney fees (case no. 1010951); it also petitioned for a writ of mandamus contesting the award of attorney fees (case no. 1010786). This Court dismissed the petition for the writ of mandamus because we believed the issues raised in the petition could be addressed in an appeal. Citizens Bank filed an application for rehearing.
In its petition, Citizens Bank argued that the trial court lacked jurisdiction to enter a judgment granting Norwood attorney fees under the Alabama Litigation Accountability Act ("ALAA"). Citizens Bank argues that when the trial court ruled in Norwood's favor on its Rule 60(b) motion, it did not retain jurisdiction of the case to determine an award of attorney fees.
In Baker v. Williams Bros., 601 So.2d 110, 112 (Ala.Civ.App.1992), the Court of Civil Appeals stated:
"When plain language is used in a statute, it must be interpreted to mean exactly what it says. Ex parte Madison County, 406 So.2d 398 (Ala.1981). The plain language of § 12-19-270 states that the court must make its award of attorney's fees under the Act as part of its judgment on the merits of the case, `in addition' to other costs assessed against a frivolous litigant. The statute does not create a new or separate cause of action to be brought after a case is litigated and given a final adjudication on its merits; rather, it indicates that the motion must be made during the pendency of the case.
"....
"As interpreted by the supreme court, the ALAA provides for the trial court to consider the outcome of the proceedings in determining whether a party's action was without substantial justification. For this reason, it is within the court's discretion to hold a separate hearing on an ALAA petition after the entry of final judgment on the merits, provided that the court retained jurisdiction to do so. Meek [v. Diversified Prods. Corp., 575 So.2d 1100 (Ala.1991).[1]] Otherwise, a final judgment puts an end to all controversies litigated or which ought to have been litigated within the particular controversy. Vacalis v. Lowry, 279 Ala. 264, 184 So.2d 345 (1966)."
In this case, Norwood did not file his petition seeking attorney fees, costs, and *540 expenses until after the trial court had entered the final order in Citizens Bank's Rule 60(b) action. Norwood alleges that in his motion to dismiss he asked for attorney fees under the ALAA and that that motion was pending when the trial court entered its order in the Rule 60(b) action. The fact remains that when the trial court entered that order, it did not mention reserving jurisdiction to determine the issue of attorney fees. Moreover, Norwood did not, at the hearing on Citizens Bank's Rule 60(b) motion, ask the trial court to reserve jurisdiction for the consideration of an award of attorney fees. We therefore conclude that the order refusing Citizens Bank's request for relief under Rule 60(b) was a final disposition of this case and that the trial court's order purporting to grant Norwood's motion for attorney fees under the ALAA was a void judgment. See, e.g., Harvey v. City of Oneonta, 715 So.2d 779, 781 (Ala.1998); Ex parte Smith, 438 So.2d 766, 768 (Ala.1983).
This Court originally dismissed Citizens Bank's petition for the writ of mandamus as moot, because we believed the issue raised in the petition could be addressed on appeal. Citizens Bank correctly points out, however, that an appeal from a void judgment must be dismissed. See, e.g., Luken v. BancBoston Mortgage Corp., 580 So.2d 578, 581 (Ala.1991). We therefore grant Citizens Bank's application for a rehearing of its petition for the writ of mandamus in case no. 1010786, and we grant the petition. The trial court did not retain jurisdiction to award attorney fees under the ALAA, and in making such an award it rendered a void judgment. Because an appeal cannot be taken from a void judgment, we dismiss Citizens Bank's appeal from the trial court's order purporting to award attorney fees (case no. 1010951).
1010786APPLICATION GRANTED; PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., dissents.
1010285  AFFIRMED.
1010951  APPEAL DISMISSED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, Chief Justice (concurring as to case no. 1010285 and case no. 1010951 and dissenting as to case no. 1010786).
I concur in the Court's decision in case no. 1010285 to affirm the trial court's ruling in favor of Norwood because a Rule 60(b), Ala. R. Civ. P., motion is not the proper mechanism for obtaining the relief that Citizens Bank requests. I also concur with the dismissal of the appeal in case no. 1010951. I must dissent, however, from the ruling in case no. 1010786, in which the Court grants Citizens Bank's petition for a writ of mandamus and sets aside the trial court's award of attorney fees to Norwood.
I agree with the Court that the trial court's order denying Citizens Bank the relief it sought by its Rule 60(b) motion ended the trial court's jurisdiction in the case under the terms of the Alabama Litigation Accountability Act ("ALAA"); therefore, the trial court had no jurisdiction to award attorney fees to Norwood. It follows, then, that Citizens Bank's appeal of the trial court's order awarding attorney fees must be dismissed because "a void judgment will not support an appeal." Luken v. BancBoston Mortgage Corp., 580 So.2d 578, 581 (Ala.1991). However, it does not follow that Citizens Bank's petition for a writ of mandamus *541 should be granted. "Mandamus will be granted only when there is a clear, specific legal right shown for the enforcement of which there is no other adequate legal remedy." Campbell v. City of Hueytown, 289 Ala. 388, 391, 268 So.2d 3, 4 (1972) (emphasis added). Citizens Bank has another legal remedy  the same remedy it incorrectly employed to challenge the trial court's ruling for Norwood  a Rule 60(b)(4), Ala. R. Civ. P., motion, requesting that the trial court set aside its order awarding attorney fees because the order was void for lack of jurisdiction. If the trial court denies the Rule 60(b)(4) motion, Citizens Bank could properly appeal the decision, and this Court could, in that case, reverse the trial court's order denying that motion. The denial of a Rule 60(b) motion is reviewable on appeal. See, e.g., Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655 (Ala.2001). Citizens Bank is not foreclosed from filing such a motion because, unlike motions filed under Rule 60(b)(1), (2), or (3), a 60(b)(4) motion need not be filed within four months after the entry of the judgment being challenged, but instead must be filed within a "reasonable time" after the judgment is entered. Rule 60(b), Ala. R. Civ. P.
The result of requiring Citizens Bank to file a Rule 60(b)(4) motion would, in effect, grant Citizens Bank the same relief for which it now petitions, only the form of the relief would not be a direct command from this Court to the trial court because a Rule 60(b) motion does not bring the underlying judgment up for review; it presents only the question of the propriety of the judgment denying the Rule 60(b) motion. See, e.g., Sanders v. Blue Cross-Blue Shield of Alabama, Inc., 368 So.2d 8 (Ala.1979). Thus, Citizens Bank has available another adequate legal remedy, one that would avoid the extraordinary step of directly ordering the trial court to set aside its award of attorney fees to Norwood. Thus, Citizens Bank's mandamus petition should be denied. Accordingly, I must dissent from the main opinion insofar as it grants the petition for the writ of mandamus in case no. 1010786.
NOTES
[1] In Meek v. Diversified Products Corp., 575 So.2d 1100, 1103 (Ala.1991), this Court stated:

"The trial court specifically granted Diversified's request [made during a hearing on a motion for a summary judgment] to file a written motion and brief. This reserved the court's jurisdiction of Diversified's motion and gave ample notice to the plaintiff and his attorney.
"The specific language of the Alabama Litigation Accountability Act, consistent with its intent, provides for the trial court to consider the outcome of the proceedings in determining whether a party's action was without substantial justification. § 12-19-273(7). The holding of a separate hearing on the motion for an award of attorney fees after the entry of the summary judgment was a proper exercise of discretion by the trial court."