THOMAS, Judge.
Sam Greenwood owns Lots 1 through 16 of Lindsey Lane Lake Estates.[1] Lindsey Harbor, LLC, owns property adjacent to part of Lindsey Lane Lake Estates, which it is developing into a subdivision. Lindsey Lane Lake Estates contains 16 lots, all owned by Greenwood, and, based upon the recorded subdivision plat, has a right-of-way running through the subdivision. Lindsey Harbor used that right-of-way to haul timber and other materials off of its property during the early development stages of its subdivision project. Greenwood obstructed the use of that right-of-way, and Lindsey Harbor sued Greenwood, seeking a temporary injunction and a permanent injunction to prevent Greenwood from obstructing what Lindsey Harbor contended was a public right-of-way. The trial court granted a temporary injunction, and, after a trial on the merits, determined that the right-of-way was public and permanently enjoined Greenwood from obstructing the right-of-way. However, during the trial, it was determined that the right-of-way did not connect to the public road that it was intended to join. The trial court, in order to afford complete relief to Lindsey Harbor, ordered that a survey be completed so that the right-of-way could be adjusted to connect to the public road. However, before the survey to determine how the right-of-way would be adjusted was completed, Greenwood appealed the trial court’s judgment. Lindsey Harbor argues that Greenwood’s appeal *1026 was taken from a nonfinal judgment. We agree and dismiss the appeal.
An appeal ordinarily lies only from the entry of a final judgment. Ala. Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1258 (Ala.1990). A judgment is generally not final unless all the claims, or the rights or liabilities of all the parties, have been decided. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean, 557 So.2d at 1253.
Although the trial court adjudicated the claims asserted by Lindsey Harbor, to afford complete relief by making certain that Lindsey Harbor could access the right-of-way from the public road, the trial court determined, and noted in its exchanges with counsel at trial, that the right-of-way would need to be adjusted to connect to that public road. See Rule 54(c), Ala. R. Civ. P. (“Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party’s pleadings.”). The trial court’s judgment does not resolve how the right-of-way will be adjusted to accomplish that objective; instead, the trial court ordered that a survey be performed to determine the appropriate manner of adjusting the right-of-way. Thus, the judgment leaves something else to be done and does not entirely resolve the issues before the court. In addition, we note that the manner by which the right-of-way is adjusted might well engender additional postjudgment litigation. Because the trial court’s judgment does not resolve all the issues or determine the rights and liabilities of all the parties and because the record does not contain a Rule 54(b) certification, the judgment is not final and will not support an appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Lesa T. Greenwood was named as a defendant in the action below and is an appellant; she was described as an owner of the property. However, the deed in the record indicates that Sam Greenwood is the sole record owner of the property.