PITTMAN, Judge.
 

 In this appeal, transferred to this court by the Alabama Supreme Court pursuant to Ala.Code 1975, § 12-2-7(6), the Baldwin Circuit Court has entered an order granting a motion seeking changes in that court’s September 11, 2009, order in an action stemming from a real-property dispute involving five cotenant plaintiffs— Norma P. Wenzel, Roderick H. Wenzel, Gary H. Wenzel, Joseph L. Wenzel, and Ronald E. Wenzel (“the Wenzels”) — a governmental defendant (Baldwin County), and two private-party defendants — James H. Nelson, Jr., and Nelson Boatyard, Inc. (“the Nelson defendants”). Because we conclude that the order from which the appeal has been taken is not a final judgment, we dismiss the appeal.
 

 In May 2008, the Wenzels filed a civil action seeking, in pertinent part, a declaration of the legal status of a pathway that consists of gravel and dirt and that transects real property owned by the Wenzels in Baldwin County, extending from Buchanan Place to the north boundary of property held by the Nelson defendants. The Wenzels contended that the path was not a public road but that, if the path were judicially determined to be a public road, the extent of the public road should be declared to be limited to its historical width notwithstanding recent widening work performed on the pathway. In a brief submitted before trial, the Wenzels urged the trial court, if it determined the pathway to be a public road, to “require that Baldwin County provide a metes and bounds description of the road so that the boundaries of the road can be established conclusively, the premises considered and that the coordinates approximate the original width and alignment of the road.” The Nelson defendants filed an answer and a counterclaim asserting that they held title to the pathway by virtue of adverse possession.
 

 After holding an ore tenus proceeding, the trial court on September 11, 2009, entered an order determining the pathway to be a public road by prescription and rejecting the proposition that the Nelson
 
 *48
 
 defendants held title to the pathway. The court ruled that the report of a survey of the pathway that had been performed by surveyor John Sims accurately depicted the location, extent, and features of the pathway, but it directed Baldwin County to have a metes and bounds survey performed as to the pathway and to submit the surveyor’s report for review by the trial court and potential incorporation into a final judgment. Baldwin County subsequently submitted a survey report that reflected a road right-of-way of over 55 feet in width.
 

 In response to the filing of the survey report by Baldwin County, the Wenzels filed, on October 12, 2009, a motion, which they labeled as a motion to alter, amend, or vacate a judgment, stating numerous objections to the survey report; the Wen-zels later sought leave to supplement their motion so as to state additional objections to the Baldwin County survey and to challenge certain findings of fact made by the trial court. The relief sought by the Wen-zels in both filings was that the trial court “set aside, modify or vacate [its order of] September 11, 2009,
 
 to require Baldwin County to resurvey the right-of-way to keep it to the historical width of the single lane road
 
 ” (emphasis added). The Nelson defendants filed a response reiterating their contention that if the pathway was not a dedicated public road, it was held by them by virtue of adverse possession, but the Wenzels filed a motion to strike that response as amounting to an out-of-time motion to alter, amend, or vacate a judgment. The trial court, on November 25, 2009, rendered three orders that (a) granted leave to the Wenzels to supplement their October 12, 2009, motion challenging the trial court’s previous order; (b) struck the Nelson defendants’ response to the Wenzels’ motion; and (c) “granted” the Wenzels’ October 12, 2009, motion without further comment.
 

 On January 6, 2010, the Nelson defendants filed a notice of appeal from the trial court’s November 25, 2009, order granting the Wenzels’ motion that had sought vacation or modification of the September 11, 2009, order so as to “require Baldwin County to resurvey the right-of-way to keep it to the historical width of the single lane road.”
 
 [1]
 
 In their brief to this court, however, the Wenzels posit that the trial court’s order granting their motion of October 12, 2009, is not a final judgment because, they say, all issues have not been finally adjudicated. We agree.
 

 As we noted in
 
 Greenwood v. Lindsey Harbor, LLC,
 
 976 So.2d 1024 (Ala.Civ.App. 2007), “[a]n appeal ordinarily lies only from the entry of a final judgment,” and, likewise, an order or judgment “is generally not final unless all the claims, or the rights or liabilities of all the parties, have been decided.” 976 So.2d at 1026.
 
 Greenwood
 
 also notes that the sole exception to that rule of finality occurs “when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.”
 
 Id.
 
 We set forth those principles in
 
 Greenwood
 
 because we were considering the finality of an order entered in a real-property action in which the trial court had granted permanent injunctive relief in favor of a complaining party seeking continued access to a private right-of-way across land of defending parties but had ordered that a survey be conducted to determine how the right-of-way could be adjusted to connect to a nearby public road. 976 So.2d at 1025. Because the trial court’s order, which did not contain a Rule 54(b)
 
 *49
 
 direction of final judgment, did “not resolve how the right-of-way [would] be adjusted to accomplish [its] objective,” and because the defending parties had sought appellate review before the mandated survey could be conducted, we held that the order under review “le[ft] something else to be done and [did] not entirely resolve the issues before the court” and dismissed the appeal. 976 So.2d at 1026.
 

 Similarly, in this case, although the trial court’s September 11, 2009, order declared the pathway at issue to be a public road, that court directed that a survey of the pathway at issue was to thereafter be performed at the behest of Baldwin County and that a report of that survey was to then be submitted to the trial court “for review and incorporation into [that order] if and as the [trial court deemed] appropriate.” After that survey had been performed, but before the trial court had expressly ruled on whether to credit the survey report and incorporate it into a final judgment, the Wenzels asserted that the Baldwin County survey was flawed and, in their October 12, 2009, motion as supplemented, urged the trial court to grant relief requiring that a new survey be performed that would adhere to the historical limits of the pathway. The trial court “granted” that motion, thereby declining to accept the report of the survey undertaken at the behest of Baldwin County under the September 11, 2009, order and effectively compelling Baldwin County to secure a second survey that had not been completed at the time that the Nelson defendants filed their notice of appeal on January 6, 2010. Here, as in
 
 Greenwood,
 
 we have no Rule 54(b) certificate and we have no judgment presented for review that has finally decided all the rights and liabilities of the various parties; instead, the November 25, 2009, order unquestionably “leaves something else to be done and does not entirely resolve the issues before the court.” 976 So.2d at 1026.
 

 We conclude that the November 25, 2009, order of the trial court “grant[ing]” the Wenzels’ October 12, 2009, motion that, in turn, had challenged the trial court’s order of September 11, 2009, is not a final judgment that will support appellate review. The appeal is, therefore, dismissed.
 
 See
 
 Rule 2(a)(1), Ala. R.App. P. We note, however, that the premature notice of appeal of January 6, 2010, divested the trial court of jurisdiction to rule on all issues except matters entirely collateral to the appeal
 
 (see Horton v. Horton,
 
 822 So.2d 431, 434 (Ala.Civ.App.2001)). To the extent that the trial court may have purported to render and enter any orders or judgments in the case following that date that touch and concern the extent of the parties’ substantive rights as to the pathway, as the Wenzels’ brief suggests, those orders or judgments are necessarily void under
 
 Horton. After
 
 this court’s certificate of judgment in this appeal has been issued, the trial court will regain jurisdiction to enter a final judgment.
 
 Id.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Baldwin County did not file a notice of appeal and has not filed a brief with this court.