WRIGHT, Presiding Judge.
This is a child custody case. On August 18, 1981, the Crenshaw County Juvenile Court ordered that temporary legal custody of the three minor children of Bobby Gray-son (the father) be continued in the Cren-shaw County Department of Pensions and Security (DPS). The order authorized DPS to place physical custody of the smallest *235 child, Sonya, with Ann Gibson (the mother) and custody of the two older children, Tonya and Christopher, with Lena Cole (the paternal grandmother). On October 28, 1981, the father petitioned for a modification of the previous order seeking to have permanent legal and physical custody of all three children. DPS answered and petitioned for a modification to give DPS permanent legal and physical custody of all three children without visitation rights for either parent. By order of November 6, 1981, the Juvenile Court awarded permanent legal and physical custody of the children to DPS and terminated all parental rights of the father and mother. The order further authorized DPS to place the children for adoption or place their physical custody with any person or persons it sees fit, including the mother, father, or paternal grandmother. The father appealed de novo to the circuit court. On January 21, 1982, after an ore tenus hearing, the court affirmed the November 6 order in all pertinent respects. On February 22, 1982, the father moved for a new trial. The motion was denied by order of March 5, 1982. The father filed notice of appeal to this court on April 16,1982. DPS’s motion to dismiss the appeal as untimely was denied by this court.
The record before us reveals the following pertinent facts:
The mother and father were separated in June 1980 after approximately nine years of marriage. DPS became involved in that same month when they became aware of an altercation between the mother and father which resulted in jail sentences for both parents. After gaining custody of the children pursuant to an emergency pickup order, DPS petitioned for and received temporary legal custody of the children. The parents subsequently divorced and the mother remarried.[1] Initially, physical custody of the three children was placed with foster parents. During this time the children were brought to the DPS office for visitation, with each parent visiting on alternate weeks. According to the work log and testimony of Jan Carter, a DPS worker in Crenshaw County, she had numerous contacts and conversations with the father. On these occasions the father seemed constantly more intent on discussing his ex-wife and his quarrels with her than on working toward a stable environment for his children. He consistently berated the mother in front of the children even after repeated requests by Carter to steer clear of that subject. The mother and her second husband secured numerous breach of peace warrants against the father for his constant harassment of them. The youngest child, Sonya, consistently requested to live with her mother. In August DPS allowed the mother to have physical custody of Sonya.
Upon hearing of this, the father requested custody of the two older children. After a hearing the Juvenile Court issued an order allowing DPS to place physical custody of Tonya and Christopher with their paternal grandmother. The father resided in the house with the paternal grandmother. The order provided that neither parent should have contact with the other parent or the child or children in the other parent’s custody for twelve months. DPS required the father to refrain from interfering with complete control over Tonya and Christopher by their grandmother. He was not to be allowed to care for the children or take them anywhere by himself. The children initially seemed to respond well to this situation, but both parents soon began to disregard the conditions of the custody order. The father took the children places without the grandmother and continued to harass his ex-wife. The grandmother arranged visits between the mother and Tonya and Christopher. The mother also contacted the father in violation of the court order. More peace warrants were issued against the father. At this point the mother’s second marriage began to break up. Upon learning of the mother’s separation, the father brought the petition to modify the August 18, 1981, order to gain legal custody of all *236 three children, alleging that the mother could no longer provide a suitable home for Sonya.
The first issue raised by the father on appeal is whether the failure to appoint a guardian ad litem on appeal to the circuit court is reversible error. We find that it is not. Rule 11, Alabama Rules of Juvenile Procedure (A.R. Juv. P.) provides:
“(G) The child has a right to be represented by counsel at all stages of the proceeding.
“(1) If any proceeding in which there is a reasonable likelihood that the child may be committed to an institution in which his freedom may be curtailed, and if counsel has not otherwise been retained, counsel shall be appointed for the child.
“(2) In all other proceedings, the court may appoint counsel in any case upon request or when it deems such appointment is in the interest of justice.” (Emphasis supplied.)
Clearly the instant case falls under the provisions of subsection (2) of Rule 11(G), A.R. Juv. P., and appointment of counsel for the minor children was not mandatory. The appeal to the circuit court was de novo. Therefore, appointment of a guardian ad litem was within the discretion of that court even though there had been an appointment in juvenile court.
The second issue is whether there is sufficient evidence in the record to support the order terminating the father’s parental rights.
In Ely v. Casteel, 341 So.2d 730 (Ala.Civ.App.1977), we set forth the legal principles which govern a case such as this as follows:
“Where the dispute over custody of a child is between the child’s natural parent and a party who is not the child’s natural parent, the natural parent has a prima facie right to the child’s custody. However, the right is not absolute but is subject to the equally well settled rule that the best interests and welfare of the child are controlling in child custody cases. Borsdorf v. Mills, 49 Ala.App. 658, 275 So.2d 338 (1973).”
To remove custody from the natural parent there must be clear and convincing evidence that it would be against the best interests of the child to remain with the natural parent. Massey v. Massey, 410 So.2d 422 (Ala.Civ.App.1981), cert. denied, 410 So.2d 426 (Ala.1982). The trial court’s judgment in cases of termination of parental rights is reviewed under the ore tenus rule. On appeal that judgment will be given every favorable presumption and will not be disturbed unless palpably wrong. Phillips v. Alabama Department of Pensions and Security, 394 So.2d 51 (Ala.Civ.App.1981).
We are of the opinion that the court’s order authorizing DPS to place the minor children with the father if it sees fit is inconsistent with the concurrent termination of his parental rights. Such an order permits DPS discretion to nullify the decree of the court. It indicates that the court was not “clearly convinced” by the evidence that the children’s best interests required termination of parental rights. The order gives the impression that the court is tired of the controversy and desires to shift responsibility to DPS. It cannot be permitted to do that. The judgment of the circuit court must, therefore, be reversed. We remand this case to the Crenshaw County Circuit Court to consider a less drastic measure for resolving the very difficult situation in which these children are involved. Though clearly a most difficult case due to the characters of the parents, the evidence does not appear to meet the high standard of “clear and convincing” as required by law. Hamilton v. State, 410 So.2d 64 (Ala.Civ.App.1982).
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY, J., concurs specially.
HOLMES, J., dissents.

. By the date of the circuit court hearing, the mother had been divorced from her second husband.