INGRAM, Presiding Judge.
The Russell County Department of Human Resources filed a petition to terminate the parental rights of Maggie Thomas to her son, Darnell. After an ore tenus proceeding, the trial court terminated all legal rights of the mother to her child and granted temporary custody to the department to “make an effort to place said child with his maternal grandmother, Lucille Thomas.”
The department appeals and asserts that the trial court abused its discretion in awarding only .temporary custody to the department and ordering it to attempt placement with the maternal grandmother as a relative resource. The department contends that the trial court’s order is inconsistent with the concurrent termination of Maggie Thomas’s parental rights.
In order to terminate parental rights, the trial court must make several findings. First, the trial court must determine that the child is dependent, based on clear and convincing evidence. Second, the trial court must find that there exists no viable alternative to termination of the mother’s custodial rights. Wallace v. Jefferson County Department of Pensions & Security, 501 So.2d 473 (Ala.Civ.App.1986). Here, the trial court terminated the mother’s parental rights, granted temporary custody to the department, and then ordered the department to attempt placement with the maternal grandmother. The trial court’s order indicates that it found the maternal grandmother to be an alternative to termination. Such a finding is inconsist *1064 ent with the application of the two-pronged requirement. Matter of Grayson, 419 So.2d 234 (Ala.Civ.App.1982).
The trial court’s finding is additionally inconsistent with § 26-18-8, Ala.Code 1975, which provides that, once a trial court terminates the parent’s parental rights, it may either “transfer the permanent legal custody of the child to the department,” which means that the department “shall have authority to make permanent plans for the child,” or it may transfer permanent custody to a relative, who after study by the department is found to be able to properly receive and care for the child. The Child Protection Act, § 26-18-1 through § 26-18-10, Ala.Code 1975, does not provide for temporary placement of the child following termination of parental rights. Placement following termination proceedings involves permanent placement and permanent custody.
For the foregoing reasons, the judgment of the trial court is reversed, and this cause is remanded for further proceedings so that the inconsistencies in the trial court’s order can be reconciled.
REVERSED AND REMANDED.
ROBERTSON and RUSSELL, JJ., concur.