L. CHARLES WRIGHT, Retired Appellate Judge. •
The Madison County Department of Human Resources filed a petition to terminate the parental rights of T.E. (mother) to her daughter, L.E. After oral proceedings, the trial court terminated the mother’s parental rights, but expressly retained jurisdiction to hold the dispositional phase of the hearing in the future. The trial court entered a Rule 54(b), A.R.Civ.P., certification, finding that there was no just reason for delay of the entry of judgment. The mother appeals.
On the authority of State Department of Human Resources v. Thomas, 554 So.2d 1063 (Ala.Civ.App.1989), we find that the trial court’s order is insufficient to support this appeal.
The termination of the parent’s rights and the dispositional phase of a termination proceeding are so intertwined that separate adjudication could result in inconsistent results. Thomas. Rule 54(b) was not intended to cover such a situation. Branch v. South-Trust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987).
The Rule 54(b) certification is set aside. The case is remanded to the trial court for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
*815 CERTIFICATION SET ASIDE; REMANDED.
All the Judges concur.