Wilson Brent Horton ("the husband") filed a complaint in July 2000 seeking a divorce from Karen Michelle Horton ("the wife") as well as, among other things, custody of the parties' minor child. The wife filed a petition for protection from abuse and a motion for pendente lite custody and child support; she later filed an answer and a counterclaim seeking a divorce and custody of the child. The parties agreed to an expedited hearing on the custody issue, and after that hearing had concluded, the trial court entered an order on August 29, 2000, awarding custody of the child to the husband and specifying the wife's visitation rights. That order was superseded by an order entered on September 14, 2000, in which the trial court concluded that the parties should be awarded joint custody, with the wife receiving physical custody of the child from Monday evening until Thursday evening of each week and the husband having physical custody at all other times. The trial court's order specified that "[a]fter the property issues have been settled or adjudicated in this case, the Court will incorporate this custody order into a final judgment."
On October 10, 2000, the case was set for a trial to be held on December 5, 2000. However, on October 25, 2000, new counsel for the husband filed a notice of appearance and a notice of appeal to this court from the September 14 custody order. That appeal was docketed in this court as case number 2000103. The wife filed a motion on December 18, 2000, to dismiss the husband's appeal on the ground that the appeal had not been taken from a final judgment. This court granted the wife's motion and dismissed case number 2000103 on January 9, 2000. However, while the husband's appeal was pending, and despite the docketing of an appeal and the transfer of the cause to this court, the trial court, on December 19, 2000, purported to enter a "judgment of divorce," incorporating a stipulation and agreement of the parties addressing the remaining contested issues in the case. The husband's counsel did not learn of that purported judgment until February 6, 2001, and sought (and later received) leave from the trial court, pursuant to Rule 77(d), Ala.R.Civ.P., to file a notice of appeal beyond the 42-day period applicable to appeals from final judgments. See Rule 4(a), Ala.R.App.P. The husband filed a notice of appeal on February 9, 2001, directed to the trial court's December 19, 2000, filing.
Although neither party has questioned this court's jurisdiction, we first consider whether we have jurisdiction over this appeal, because "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Wallace v. Tee Jays Mfg.Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)).
"It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved." Taylor v. Taylor, 398 So.2d 267, 269 (Ala. 1981). A ruling that relates to fewer than all the parties in a case, or that determines fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims. Rule 54(b), Ala.R.Civ.P.; seeMcGlothlin v. First Alabama Bank, 599 So.2d 1137 (Ala. 1992). A "final judgment is a `terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.'" Dees v. State, 563 So.2d 1059, 1061 *Page 434 
(Ala.Civ.App. 1990) (citing Tidwell v. Tidwell, 496 So.2d 91, 92
(Ala.Civ.App. 1986)). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case; if the appellee has not moved for a dismissal, then the court should dismiss the appeal on its own motion. See Jim Walter Homes, Inc. v. Holman,373 So.2d 869, 871 (Ala.Civ.App. 1979).
As we have stated, the husband filed a notice of appeal on October 25, 2000. "Once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal." Ward v. Ullery,412 So.2d 796, 797 (Ala.Civ.App. 1982).[1] The husband's notice of appeal, although premature, had the effect of divesting the trial court of jurisdiction to rule upon the remaining issues in the divorce action until the appeal had been disposed; thus, the December 19, 2000, "judgment" is a nullity. See Etheredge v. Genie Indus., Inc.,632 So.2d 1324, 1325 (Ala. 1994) (holding that purported written order, entered after filing of notice of appeal from oral "order," was a nullity and would not support an appeal); accord, R.H. v. J.H., 778 So.2d 839
(Ala.Civ.App. 2000). See also Thames v. Gunter-Dunn, Inc., 365 So.2d 1216
(Ala. 1979), and Foster v. Greer Sons, Inc., 446 So.2d 605, 608-09
(Ala. 1984) (noting general rule that "jurisdiction of a case can be in only one court at a time" and stating that until an appellate court concludes that it lacks jurisdiction over an appeal, both the trial and the appellate court are "bound by" the presumption that the appellate court does have jurisdiction).[2] Therefore, because the trial court has not effectively adjudicated the issues in this case, other than custody, the procedural posture of this appeal is no different than that in the husband's first appeal: there is no valid, final judgment for this court to review.
"When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu." Young v. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ.App. 1997) (quoting Powell v. Republic Nat'l Life Ins. Co., 293 Ala. 101, 102,300 So.2d 359, 360 (1974)). Although we must again dismiss an appeal in this cause, we note that the trial court, after this court's certificate of judgment has been issued (see Ex parte Tiongson, 765 So.2d 643 (Ala. 2000)), will have the discretion to enter a final judgment in accordance with its September 14, 2000, custody order and its December 19, 2000, "judgment." See Thames, 365 So.2d at 1217. Alternatively, because no final judgment has been entered, the trial court has the power to revise any of its earlier orders or decisions. See Rule 54(b), Ala.R.Civ.P.
The wife's request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
Yates, P.J., and Crawley, Thompson, and Pittman, JJ., concur.
[1] Examples of such "collateral" matters include contempt proceedings and taxation of costs. E.g., Hall v. Hall, 485 So.2d 747, 749-50
(Ala.Civ.App. 1986); Hinson v. Holt, 776 So.2d 804, 813 (Ala.Civ.App. 1998), cert. quashed, 776 So.2d 814 (Ala. 2000).
[2] Foster was overruled on other grounds by Ex parte Andrews,520 So.2d 507 (Ala. 1987). *Page 435