The plaintiff James Edward Bagley, acting pro se, appeals the denial of his application for entry of default. We dismiss the appeal.
On June 14, 2006, Bagley sued the defendant Randy Moeller, an attorney, alleging that Moeller had negligently represented Bagley in a criminal case. Moeller answered Bagley's complaint on August 3. On September 19, Bagley filed a request for production of documents, and Moeller subsequently filed a notice indicating that he had responded to Bagley's discovery request. On October 31, Bagley applied for entry of default pursuant to Rule 55(a), Ala. R. Civ. P., based on an allegation that Moeller had failed to answer the complaint or otherwise defend the action. However, because Moeller had, in fact, answered the complaint, the trial court, on November 17, denied Bagley's application for entry of default. That same day, Bagley filed a pleading asserting that Moeller's response to Bagley's request for production of documents was insufficient; however, before the trial court ruled on that pleading, Bagley appealed to this court. Subsequently, this court transferred Bagley's appeal to the Alabama Supreme Court, which transferred the appeal back to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Moeller has moved this court to dismiss Bagley's appeal on the ground that *Page 950 
no final judgment has been entered by the trial court. Subject to exceptions not here applicable, an appellate court does not have jurisdiction to hear an appeal unless the trial court has entered a final judgment. See, e.g., Horton v.Horton, 822 So.2d 431, 433 (Ala.Civ.App. 2001). "A `final judgment is a "terminal decision which demonstrates that there has been a complete adjudication of all matters in controversy between the litigants."'" Horton, 822 So.2d at 433
(quoting Dees v. State, 563 So.2d 1059, 1061
(Ala.Civ.App. 1990)). In the case now before us, neither the order denying Bagley's application for entry of default nor any other order entered by the trial court constituted a final judgment. See Horton. Therefore, we grant Moeller's motion and dismiss Bagley's appeal. Id. We also grant Moeller's request for an attorney's fee on appeal and award him an attorney's fee in the amount of $250.
APPEAL DISMISSED.
All the judges concur.