MOORE, Judge.
 

 Facts and Procedural History
 

 This is the second time these parties have been before this court.
 
 See Hall v. Hall,
 
 998 So.2d 1072 (Ala.Civ.App.2008). In
 
 Hall,
 
 Susan D. Hall Raybon (“the mother”) appealed from a judgment entered by the Montgomery Circuit Court on May 15, 2007, that, among other things, determined the child-support arrearage owed by Malcolm J. Hall (“the father”). On appeal in
 
 Hall,
 
 the mother argued, among other things, that the trial court had erred in calculating that arrearage. In
 
 Hall,
 
 this court concluded that the trial court’s determination of the father’s child-support ar-rearage was not supported by the evidence, and we reversed the trial court’s judgment with regard to that determination and remanded the cause for the trial court to enter a judgment in accordance with this court’s opinion. This court issued its certificate of judgment in
 
 Hall
 
 on July 3, 2008; that certificate specified that the costs of the appeal were to be taxed one-half to the mother and one-half to the father.
 

 After the opinion in
 
 Hall
 
 was released, but before the certificate of judgment was issued, the trial court purported to enter a judgment on July 2, 2008, recalculating the father’s child-support arrearage. On July 9, 2008, the mother filed a motion asking
 
 *675
 
 the trial judge to recuse herself or, in the alternative, asking the presiding circuit judge to reassign the case. On July 31, 2008, the mother filed a motion requesting that the trial court vacate its July 2, 2008, judgment because, she asserted, the judgment was void. On August 15, 2008, the trial court entered an order in which it, among other things, sealed the case file
 
 [1]
 
 and denied the mother’s motion to vacate the July 2, 2008, judgment. That same day, the trial court entered another order granting the mother’s motion to recuse, specifying that, because there was no current action pending, the judge was recus-ing herself from any future proceedings. The trial court also purported to deny the alternative motion for the presiding circuit judge to reassign the case. On August 26, 2008, the mother filed a notice of appeal or, in the alternative, a petition for a writ of mandamus.
 

 The mother presents five arguments for our review. The first two arguments challenge the trial court’s July 2, 2008, judgment. The third argument challenges the May 14, 2007, judgment, from which the mother appealed in
 
 Hall.
 
 The fourth and fifth arguments challenge the two orders entered on August 15, 2008, regarding the trial court’s sealing the record and the trial judge’s recusal.
 

 Discussion
 

 Appeal
 

 The mother’s first argument is that the July 2, 2008, judgment entered by the trial court is void. The mother does not challenge the trial court’s August 15, 2008, order denying her motion to set aside the July 2, 2008, judgment. Instead, she challenges the validity of July 2, 2008, judgment. The mother correctly points out that the trial court was without jurisdiction to enter the July 2, 2008, judgment because this court had not yet issued the certificate of judgment in
 
 Hall. See Portis v. Alabama State Tenure Comm’n,
 
 863 So.2d 1125, 1126 (Ala.Civ.App.2003) (holding that a trial court is without jurisdiction to enter a judgment in a case that has been appealed until the appellate court issues the certificate of judgment in that case). Thus, the July 2, 2008, judgment is void.
 
 See Ex parte Citizens Bank,
 
 879 So.2d 535, 538 (Ala.2003). A void judgment will not support an appeal.
 
 See Tidwell v. State Ethics Comm’n,
 
 599 So.2d 12, 12 (Ala.1992). The mother’s appeal from the July 2, 2008, void judgment is, therefore, dismissed, albeit with instructions to the trial court to vacate its void judgment.
 
 See State Dep’t of Revenue v. Zegarelli,
 
 676 So.2d 354, 356 (Ala.Civ.App.1996).
 

 The mother’s second argument — that the trial court failed to comply with this court’s mandate in
 
 Hall
 
 by erroneously calculating the father’s child-support ar-rearage — also challenges the trial court’s July 2, 2008, judgment. Because we have already determined that the July 2, 2008, judgment is void, we have no cause to address this argument.
 

 The mother’s third, fourth, and fifth arguments challenge a portion of the trial court’s May 14, 2007, judgment, the trial court’s August 15, 2008, order sealing the record, and the trial court’s August 15, 2008, recusal order, respectively.
 

 “[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.” Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987). “The question whether a judg
 
 *676
 
 ment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.”
 
 Horton v. Horton,
 
 822 So.2d 431, 434 (Ala.Civ.App.2001). “The reversal of a judgment, or a part thereof, wholly annuls it, or the part of it, as if it never existed.”
 
 Shirley v. Shirley,
 
 361 So.2d 590, 591 (Ala.Civ.App.1978). Accordingly, the effect of this court’s partial reversal of the May 14, 2007, judgment in
 
 Hall
 
 was an annulment of that portion of the judgment that we reversed — the trial court’s calculation of the father’s child-support arrearage. Because we have already determined that the trial court’s July 2, 2008, judgment purporting to recalculate the father’s child-support arrearage is void, there has been no final determination of the amount of the father’s child-support arrearage, and, thus, there is no final judgment that will support the mother’s appeal. We therefore dismiss the mother’s appeal.
 
 Horton,
 
 822 So.2d at 434.
 

 Alternative Petition for a Writ of Mandamus
 

 The mother has, in the alternative, petitioned this court for a writ of mandamus. Rule 21(a)(1), Ala. R.App. P., provides, in pertinent part:
 

 “Application for a writ of mandamus or of prohibition directed to a judge or judges shall be made by filing a petition therefor -with the clerk of the appellate court having jurisdiction thereof with certificate of service on the respondent judge or judges and on all parties to the action in the trial court.”
 

 Our supreme court has held that a court of appeals should dismiss a petition for a writ of mandamus when the petitioner has failed to serve the trial judge.
 
 See Ex parte Sharpe,
 
 513 So.2d 609, 610 (Ala.1987). Neither the record nor the certificate of service on the mother’s brief to this court indicates that the trial judge has been served with the petition for a writ of mandamus. We therefore dismiss the mother’s petition for a writ of mandamus.
 

 Conclusion
 

 Based on the foregoing, we dismiss the mother’s appeal; the trial court is, however, instructed to vacate the void July 2, 2008, judgment. We also dismiss the mother’s petition for a writ of mandamus.
 

 APPEAL — DISMISSED WITH INSTRUCTIONS TO THE TRIAL COURT.
 

 PETITION — DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . We have reviewed the record in this case and can find no basis for the trial court's ordering die record sealed.