MOORE, Judge.
In appeal no. 2120852, the Alabama Department of Human Resources (“the State *1062 DHR”) seeks review of separate permanency orders entered by the Madison Juvenile Court (“the juvenile court”) regarding M.L.K. (“the child”). In appeal no. 2130049, the Madison County Department of Human Resources (“the Madison County DHR”) seeks review of a subsequent permanency order entered by the juvenile court regarding the child.

Procedural History

On November 28, 2012,, the Madison County DHR filed a petition to terminate the parental rights of the child’s parents; that case was assigned case no. JU-11-1893.02.[1] After a hearing, the juvenile court, on March 5, 2013, entered a judgment in case no. JU-11-1893.02 terminating the parental rights of the child’s parents, placing the child in the permanent custody of the State DHR, stating that the State DHR “may make plans for the child’s adoption, but shall not consent to an adoption pending further order of the Court,” and setting the case for “a permanency hearing” in April 2013.
After the April 2013 hearing, the juvenile court, in case no. JU-11-1893.01 (the original dependency action concerning the child), entered an order on May 30, 2013, stating that the legal custody of the child would “remain with [the Madison County DHR]”; rejecting the Madison County DHR’s permanency plan and concurrent permanency plan; stating that the permanency plan “is another court approved planned permanent living arrangement (permanent foster care plan)”; stating that the concurrent permanency plan is adoption by the current foster parent; stating that the Madison County DHR could not remove the child from her current foster home without prior notification to the juvenile court; and setting the case for a review hearing.[2]
On June 13, 2013, the Madison County DHR moved to alter, amend, or vacate the May 30, 2013, order. After a hearing, the juvenile court, on June 25, 2013, rendered an order, in case no. JU-11-1893.02, denying the Madison County DHR’s post-judgment motion and stating, in pertinent part:
“The Court clearly intended from the record for the dispositional hearing.and resulting order to occur after the hearing on April 18, 2013. [The Madison County DHR] on two occasions during the termination hearing requested that its termination petition be granted in all aspects, which, as reflected in the February 22, 2013, [Madison County DHR] court report, included a request that the child be placed in the permanent custody of [the State DHR] for adoptive planning. The Court specifically denied said request on both occasions as to the disposition[;] thus the Court clearly did not intend on the inclusion of paragraph B in the March [5], 2013, Order. WHEREFORE, pursuant to Rule 60(a), Alabama Rules of Civil Procedure, this Court hereby corrects the clerical mistake made in its Order, dated March [5], 2013, in that paragraph B should state as follows: ‘The child is placed in the temporary legal custody of the Madison County Department of Human Resources.’ See Mickle v. Mickle, 334 So.2d 900 ... (Ala.1976).”
*1063 On July 9, 2013, the State DHR petitioned this court for a writ of mandamus regarding the May 30, 2013, order entered, and the June 25, 2013, order rendered, by the juvenile court; that petition was docketed as appeal no. 2120852. On September 5, 2013, this court notified the parties that it would treat that petition as an appeal.
On September 11, 2013, the juvenile court entered an order in case no. JU-11-1893.01, maintaining legal custody of the child with the Madison County DHR; denying the request of the Madison County DHR to place the child in the permanent custody of the State DHR; denying the proposed permanency plan of adoption with no identified resource; stating that the permanency plan is another court-approved planned permanent-living arrange-menVpermanent foster care and that the concurrent plan is adoption by the child’s current foster parent; stating that the Madison County DHR is directed to place the child in a licensed foster home or other suitable facility; stating that the child is not to be removed from her current foster home without prior notification to the juvenile court and the child’s guardian ad litem and/or a hearing; and setting the case for a review hearing. On September 24, 2013, the Madison County DHR filed a post-judgment motion. On September 26, 2013, the juvenile court entered, in case no. JU-11-1893.01, an order denying the post-judgment motion. On October 10, 2013, the Madison County DHR filed its notice of appeal; that appeal was docketed as appeal no. 2130049. This court subsequently granted a motion filed by the State DHR and the Madison County DHR to consolidate the appeals.
Having determined that the juvenile court had failed to properly enter the June 25, 2013, order into the State Judicial Information System (“SJIS”) in either case no. JU-11-1893.01 or case no. JU-11-1893.02 and that the juvenile court had incorrectly entered the May 30, 2013, September 11, 2013, and September 26, 2013, orders in the previous dependency action, i.e., case no. JU-11-1893.01, we reinvested the juvenile court with jurisdiction to properly enter all the aforementioned orders in case no. JU-11-1893.02. See Rule 58(c), Ala. R. Civ. P., and Rule 1(A), Ala. R. Juv. P. On May 1, 2014, the juvenile court, in compliance with Rule 58(c), entered the May 30, 2013, September 11, 2013, and September 26,2013, orders in case no. JU-11-1893.02; it entered the June 25, 2013; order in case no. JU-11-1893.02 on May 6, 2014.

Discussion

On appeal, the State DHR [3] argues that the juvenile court erred in modifying its March 5, 2013, order awarding the State DHR permanent custody of the child without a petition for modification having been filed or an evidentiary hearing having been held. We note, however, that, in its June 25, 2013, order, the juvenile court indicated that, pursuant to Rule 60(a), Ala. R. Civ. P., it was correcting a clerical error in its March 5, 2013, order so as to make the order comport with the intentions of the juvenile court as reflected in the record of the termination-of-parental-rights hearing. The State DHR has failed to cite any law indicating that the juvenile court did not comply with the requirements for Rule 60(a). Therefore, we cannot hold the juvenile court in error on this point. See Rule 28(a)(10), Ala. RApp. P.
The State DHR also argues that the juvenile court erred in awarding it only *1064 “temporary legal custody” in the orders entered subsequent to the March 5, 2013, judgment.[4] Section 12-15-320(b), Ala. Code 1975, provides:
“If the juvenile court determines that the parents of a child are unwilling or unable to act as parents and terminates their parental rights, it may do the following:
“(1) Transfer or continue the permanent legal custody of the child to the Department of Human Resources or to any public or private licensed child-placing agency able and willing to assume the care and maintenance of the child....
“(2) Transfer or continue the permanent legal custody of the child to the petitioner who, after study by the Department of Human Resources, is found to be able to properly receive and care for the child.”
(Emphasis added.) Based on that statutory language, once the parental rights of a child’s parents are terminated, a juvenile court may either place the child in the permanent legal custody of “the Department of Human Resources,” another “public or private licensed child-placing agency,” or the person who petitioned for the termination of parental rights and who is approved by “the Department of Human Resources.” The juvenile court could not award the State DHR or the Madison County DHR only temporary legal custody of the child. See State Dep’t of Human Res. v. Thomas, 554 So.2d 1063, 1064 (Ala. Civ.App.1989) (finding that the judgment in that ease was inconsistent with former § 26-18-8, Ala.Code 1975, because it awarded the Russell County Department of Human Resources only temporary custody and remanding the case for the juvenile court to resolve the inconsistency). Thus, the juvenile court committed reversible error in awarding only temporary, as opposed to permanent, legal custody of the child to either the Madison County DHR or the State DHR.
The State DHR next argues that, once it had obtained permanent legal custody of the child pursuant to the March 5, 2013, termination judgment, the juvenile court could not usurp its authority to arrange for the adoption of the child. Section 12-15-320(b)(1) specifically provides, in pertinent part, that
“[a]n order of the juvenile court which terminates parental rights and awards permanent legal custody to the Department of Human Resources or to a licensed child-placing agency shall mean that the Department of Human Resources or the licensed child-placing agency shall have authority to make permanent plans for the child, including the authority to place for adoption and consent to adoption.”
By using the imperative term “shall,” see Ex parte Prudential Insurance Co. of America, 721 So.2d 1135, 1138 (Ala.1998) (indicating that the word “shall” is clear and unambiguous and is imperative and mandatory), the legislature, in § 12-15-320(b)(1), intended that, in every case in which it acquires permanent legal custody of a child following the termination of parental rights, “the Department of Human Resources” inherently acquires the authority to develop a permanency plan for adoption of the child and to place the child for *1065 adoption, regardless of whether the judgment is silent on the subject and even if the judgment provides otherwise.
Section 12-15-321, Ala.Code 1975, provides:
“Where the juvenile court has terminated the parental rights and has placed legal custody of the child with the Department of Human Resources or with a public or private licensed child-placing agency, the juvenile court, at least annually, shall review the circumstances of the child to determine what efforts have been made to achieve permanency for the child.”
Section 12-15-321 authorizes a juvenile court to hold periodic permanency hearings regarding a child in the permanent legal custody of “the Department of Human Resources” following the termination of parental rights. Nothing in § 12-15-321, however, bestows upon a juvenile court the power to determine the permanency plan for the child, which power it does have under § 12-15-315, Ala.Code 1975, before parental rights are terminated.[5] To the contrary, § 12-15-321 specifically provides that a juvenile court may only “review the circumstances of the child to determine what efforts have been made to achieve permanency for the child.” In other words, the purpose of a permanency hearing under § 12-15-321 is not to determine the appropriate permanent placement of the child, but to ensure that “the Department of Human Resources” is using reasonable efforts to achieve the permanency plan it has formulated for the child under the authority granted to it by § 12-15-320(b).
In the present case, the juvenile court purported to reserve unto itself the power to determine the permanency plan for the child after terminating the parental rights of the child’s parents; however, no statute grants the juvenile court that authority. Thus, in rejecting the State DHR’s permanency plan and substituting its own permanency plan, the juvenile court exceeded its statutory authority. For that reason, the orders entered by the juvenile court subsequent to the March 5, 2013, judgment are due to be reversed.
2120852 — REVERSED AND REMANDED WITH INSTRUCTIONS.
2130049 — REVERSED AND ' REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The original dependency action concerning the child had been assigned case no. JU-11-1893.01.

. On June 11, 2013, the Madison County DHR filed a notice of appeal from the May 30, 2013, order; the Madison County DHR subsequently requested dismissal of that appeal, and this court granted that request and dismissed the appeal. See Madison Cnty. Dep’t of Human Res. v. O.D.F.B. (No. 2120782, June 17, 2013),-So.3d-(Ala. Civ.App.2013) (table).

. The State DHR has filed a consolidated brief in appeal nos. 2120852 and 2130049 on behalf of the State DHR and the Madison County DHR. We therefore refer to "the State DHR” in addressing the issues on appeal.

. Technically, the juvenile court did not award the State DHR temporary legal custody of the child; instead, it awarded the Madison County DHR temporary legal custody. However, .we take judicial notice that the various county departments of human resources act as agents of the State DHR and that, therefore, an award of custody to a particular department of human resources constitutes an award of custody to that department as the agent of the State DHR. See Ala.Code 1975, § 38-2-6.

. Section 12— 15 — 315(a), Ala.Code 1975, provides that a juvenile court must hold periodic permanency hearings in certain cases and that the "purpose of the permanency hearing shall be to determine the permanency plan for the child....” (Emphasis added.)