PER CURIAM.
This court’s opinion of January 9, 2015, is withdrawn, and the following is substituted therefor.
These appellate proceedings, initiated by the Marshall County Department of Human Resources (“the Marshall County DHR”) and involving four children of the same parents, concern the appropriateness of a juvenile court’s termination of parental rights as to those children while simultaneously declining to award permanent legal custody of the children to any party.
In May 2013, the Marshall County DHR filed petitions in the Marshall Juvenile Court to terminate the parental rights of M.B. (“the mother”) and B.J.B., Jr. (“the father”), as to four children: T.B., S.B., L.B., and B.J.B. IV (hereinafter referred to collectively as “the children”), who had previously been placed in the temporary legal custody of the Marshall County DHR; those actions were assigned case numbers with “.02” designators, indicating that the children had been the subject of earlier proceedings in the juvenile court. In December 2013, the paternal grandfather of the children, B.J.B., Sr. (“the paternal grandfather”), a resident of Michigan, was permitted to intervene in the termination actions involving the children to assert a claim for their custody.
On the date of the scheduled trial on the parties’ claims, neither the mother nor the father appeared, and the juvenile court heard testimony from a worker for the Marshall County DHR and arguments from counsel for the Marshall County DHR and the paternal grandfather. At trial, the juvenile court indicated that it intended to enter judgments addressing only the termination-of-parental-rights issues in the four cases, but it invited any aggrieved party to seek appellate review regarding the necessity of an award of permanent custody. In accord with that previous indication, the judgments entered by the juvenile court in the four .02 cases involving the children noted the parents’ failure to appear and terminated their parental rights, but the judgments ordered the cases closed without making any award of permanent custody. The Marshall County DHR filed a postjudgment motion in each of the .02 cases to alter, amend, or vacate the judgments, asserting that the juvenile court’s judgments were not in compliance with Ala.Code 1975, § 12-15-320, and were contrary to this court’s decision in Ex parte Alabama Department of Human Resources, 154 So.3d 1060 (Ala. Civ.App.2014) (“Ex parte DHR”), and it appealed from the judgments (appeal no. 2131026) after postjudgment relief was denied. No other party has appealed from the judgments in the .02 cases, and the correctness of the judgments as to the *219 underlying question of termination is not here presented for review.
After that appeal was taken, the paternal grandfather prepared a motion to be filed in the .02 cases in which he sought “further disposition” of the children, including an award to him of custody. The motion was determined by the juvenile court to have initiated new civil actions involving the children, each of which was denominated with “.03” case designators, and the juvenile court set the matters for a hearing on the merits over the objection of the Marshall County DHR, which insisted that disposition of its appeal was required before a contest regarding the custody of the children could be heard. The Marshall County DHR then timely'sought review by petitioning this court for a writ of mandamus (case no. 2140165) requiring the juvenile court to vacate its decision, to allow the paternal grandfather’s custody requests to proceed notwithstanding the pendency of the appeal. No answers or materials, other than the mandamus petition, have been filed in case no. 2140165 by any party.
In appeal no. 2131026, the Marshall County DHR reiterates its argument that the juvenile court could not properly terminate the parental rights of the mother and the father in the - .02 cases without making an award of permanent custody. Based upon our review of Ex parte DHR, we agree with the Marshall County DHR that the judgments under review are due to be reversed. In Ex parte DHR, the juvenile court in that case, after initially rendering a judgment terminating parental rights as to a particular child on the petition of the Madison County Department of Human Resources (“the Madison County DHR”) and awarding permanent custody of that child to the Alabama Department of Human Resources (“the Alabama DHR”), determined that it had intended only to award temporary custody of the child and purported to correct that judgment to award only temporary custody. We agreed with the Alabama DHR that the juvenile court erred to reversal in failing .to. award permanent custody to the Alabama DHR or to the Madison County DHR:
“Section 12-15-320(b), Ala.Code 1975, provides:
“ ‘If the juvenile court determines that the parents of a child are unwilling or unable to act as parents and terminates their parental rights, it may do the following: ...
“ ‘(1) Transfer or continue the permanent legal custody of the child to the Department of Human Resources or to any public or private licensed child-placing agency able and willing to assume the care and maintenance of the child....
“ ‘(2) Transfer or continue the permanent legal custody of the child to the petitibner who, after study by the Department of Human Resources, is found to be able to properly receive and care for the child.’
“(Emphasis added.) Based on that statutory language, once the parental rights of a child’s parents are terminated, a juvenile court may either place the child in the permanent legal custody of ‘the Department of Human Resources,’ another ‘public or private licensed child-placing agency,’ or the person who petitioned for the termination of parental :rights and who is approved by ‘the Department of Human Resources.’ The juvenile court could not award the State DHR or the Madison County DHR only temporary legal custody of the child. See State Dep’t of Human Res. v. Thomas, 554 So.2d 1063, 1064 (Ala.Civ.App. 1989) (finding that the judgment in that case was inconsistent with former § 26-18-8, Ala.Code 1975, because it awarded *220 the Russell County Department of Human Resources only temporary custody and remanding the case for the juvenile court to resolve the inconsistency). Thus, the juvenile court committed reversible error in awarding only temporary, as opposed to permanent, legal custody of the child to either the Madison County DHR or the State DHR.”
Ex parte DHR, 154 So.3d at 1064.
Based upon the foregoing authority, we conclude that the juvenile court in this case erred in failing to make an award of permanent custody as a component of its judgments in the four termination actions terminating the parental rights of the mother and the father before declaring the .02 cases to be closed. To that extent, the judgments in those-cases are reversed and the causes are remanded for the juvenile court to, upon the issuance of. our certifícate of judgment, make awards of permanent custody in. the .02 cases as may be authorized under § 12-15-320(b), whether, pursuant to subsection (1), to the Alabama DHR or “to any public or private licensed child-placing agency able and willing to assume the care and maintenance of the children]” or, pursuant to subsection (2), to the paternal grandfather if he should be found qualified, “after study by the Department of Human Resources, ... to be able to properly receive and care for , the children],” as may be consistent with the best interests of the children.[1]
In case no. 2140165, the mandamus proceeding, the Marshall County DHR contends that the juvenile court acted outside its discretion in declining to stay proceedings on the paternal,grandfather’s custody requests in the .03 cases pending the . outcome of appeal no. 2131026. Our conclusion that the issue of the children’s disposition incident to the termination judgments was due to be decided by the juvenile court pursuant to § 12-15-320(b) in the .02 cases before those cases could properly -have been closed compels us to agree with the Marshall County DHR that the juvenile court may not yet properly adjudicate the paternal grandfather’s custody requests in the .03 cases. The disposition by a juvenile court of a child as to whom parental rights have been terminated is necessarily, under § 12-15-320(b), to be an award of permanent legal custody; thus, if either the Marshall County DHR or the Alabama DHR is awarded custody of the children at issue in the .02 cases, that entity will, barring appellate reversal,- be entitled to the benefit of the presumption in subsequent custody proceedings (such as the .03 cases brought by the paternal grandfather) that custody should remain with that party. Cf. Ex parte J.P., 641 So.2d 276, 278 (Ala.1994) (in dispute between petitioning nonparent maternal relatives who were seeking custody of a particular child and nonparent paternal relatives who had been awarded custody of that child, presumption that custody should remain with nonparent paternal relatives held to exist pursuant to Ex parte McLendon, 455 So.2d 863 (Ala.1984)). Further, if the paternal grandfather is awarded permanent custody in the .02 cases, the .03 cases will be rendered completely moot, for he will have received the relief he requested in the .03 cases. We therefore conclude that the Marshall County DHR has demonstrated a clear right to relief warranting the issuance of a writ of mandamus in case no. 2140165, and we direct the juvenile court to defer further action in the .03 cases until all. proceedings *221 in the .02 cases have' finally concluded. Further, to ensure the efficacy of óur appellate mandate, we order all proceedings in the juvenile court in the .02 cases stayed pending the issuance of our certificate of judgment in these appellate proceedings.[2]
2131026 — ON. REHEARING EX MERO MOTU: OPINION OF JANUARY 9, 2015, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
2140165 — ON REHEARING EX MERO MOTU: OPINION OF JANUARY 9, 2015, WITHDRAWN; OPINION SUBSTITUTED; PETITION GRANTED; WRIT ISSUED.
All the judges concur.

. The juvenile court, in furtherance of our mandate, is authorized on remand in the .02 cases to take any additional evidence from the parties as it 'may, in its discretion, deem appropriate to ascertain the proper disposition of the children at issue.

. The' Marshall County DHR’s motion for a stay in case no. 2140165 is denied as moot.