MOORE, Judge.
S.H. (“the mother”) appeals from a single judgment of the Macon Juvenile Court (“the juvenile court”), which was rendered and entered in three separate juvenile-court actions,. terminating her ■ parental rights to T.T., N.H., and K.L.H. (hereinafter referred to collectively as “the children”). Because the appeals are taken from a nonfinal judgment, we dismiss the appeals.
On November 13, 2014, the Macon County Department of Human Resources (“DHR”) filed separate petitions seeking to terminate the parental rights of the mother and any unknown father or fathers to the children. The juvenile court entered an order requiring that service on the unknown father or fathers of the children be perfected by publication. On March 20, 2015, the juvenile court entered a judgment terminating the parental rights of the mother and any alleged or unknown father as to each child. In that judgment, the juvenile court made findings of fact, concluded that clear and convincing evidence supported the termination of the parents’ parental rights, and set the case for further judicial review. The mother filed her notice of appeal to this court on April 1, 2015.
On April 10, 2015, DHR filed a “motion to amend order,” in which it noted that the juvenile court’s March 20, 2015, judgment “does not indicate that permanent legal custody of the ... children is vested with [DHR] ” and requested that the court enter an amended order “indicating that permanent legal custody of the ... children will be vested in [DHR].” The juvenile court entered an order purporting to grant that motion on that same date. This court issued an order calling for letter briefs from the parties on the issue of the finality of the juvenile court’s March 20, 2015, judgment. • In its letter brief to this court, DHR argues that there is no final judgment- to support the mother’s appeal. In her letter brief, the mother asserts that, pursuant to the juvenile court’s April 10, 2015, order, the March 20, 2015, judgment terminating her parental rights to each child is final and appealable.
“‘It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.’ Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981).... A ‘final judgment is a “terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.” ’ Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (citing Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986)). The question whether a judgment is final is a jurisdictional question, and the reviewing "court, on a determination that the judgment is not final, has a duty to dismiss the case.... See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App.1979).”
Horton v. Horton, 822 So.2d 431, 433-34 (Ala.Civ.App.2001). “‘Once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.’ ” Horton, 822 So.2d at 434 (quoting Ward v. Ullery, 412 So.2d 796, 797 (Ala.Civ.App.1982)).
As noted previously, on March 20, 2015, the juvenile court entered its judgment terminating the mother’s parental rights to each child. Section 12-15-320(b), Ala. Code 1975, provides that, if a juvenile court terminates a parent’s parental rights, it may:
“(1) Transfer or continue the permanent legal custody of the child, to the Department of Human Resources or to any public or private licensed child-plac *313 ing agency able and willing to assume the care and maintenance of the child....
“(2) Transfer or continue the permanent legal custody of the child to the petitioner, who, after study by the Department of Human Resources, is found to be able to properly receive and care for the child.”
(Emphasis added.)
In Ex parte Alabama Department of Human Resources, 154 So.3d 1060, 1062 (Ala.Civ.App.2014) (“Ex parte Alabama DHR”), the juvenile court in that case terminated the parental rights of the child’s parents and, in a later order correcting its original judgment, limited its award of the child’s custody to the Madison County Department of Human Resources to temporary legal custody. In interpreting § 12-15-320(b), this court stated:
“Based on [the language of § 12-15-320(b)], once the parental rights of a child’s parents are terminated, a juvenile court may either place the child in the permanent legal custody of ‘the Department of Human Resources,’ another ‘public or private licensed child-placing agency,’ or the person who petitioned for the termination of parental rights and who is approved by ‘the Department of Human Resources.’ The juvenile court could not award the State [Department of Human Resources] or the Madison County [Department of Human Resources] only temporary legal custody of the' child. See State Dep’t of Human Res. v. Thomas, 554 So.2d 1063, 1064 (Ala.Civ.App.1989) (finding that the judgment in that case was inconsistent with former § 26-18-8, Ala.Code 1975, because it awarded the Russell County Department of Human Resources only temporary custody and remanding the case for the juvenile court to resolve the inconsistency). Thus, the juvenile court committed.reversible error in awarding only temporary, as opposed to permanent, legal custody of the child to either the Madison County [Department of Human Resources] or the State [Department of Human Resources].”
154 So.3d at 1064.
Like in Ex parte Alabama DHR,. the juvenile court in the present case did not include in its judgment a disposition as to the .permanent legal custody of the children, as required by § 12-15-320(b). See Horton, 822 So.2d at 433. Accordingly, because the judgment at issue did not determine all the issues before the juvenile court and did not ascertain and declare the rights of the parties, leaving open the issue of the permanent-legal custody of the children, we conclude that the judgment is nonfinal.
Although the mother argues in her letter brief to this court that the juvenile court’s March 20, 2015, judgment was made final by the entry of the April 10, 2015, order granting DHR’s motion to amend the judgment, we note that the mother’s notice of appeal was filed on April 1, 2015, before DHR filed its motion and before the juvenile court entered the April 10, 2015, order. The mother’s filing of her notice of appeal had the effect of divesting the juvenile court of jurisdiction to rule on any remaining issues until the appeal was disposed. Horton, 822 So.2d at 434. Accordingly, although the juvenile court entered an order on April 10, 2015, purporting to grant DHR’s motion to amend the judgment, that order is a nullity. See Searle v. Vinson, 42 So.3d 767, 771-72 (Ala.Civ.App.2010).
Although in previous decisions issued by this court addressing nonfinal judgments similar to the one at issue in these appeals we reversed the judgment at *314 issue and remanded the cause for the juvenile court to make a- disposition of the permanent legal custody of the child or children at issue, see, e.g., Marshall Cnty. Dep’t of Human Res. v. M.B., 176 So.3d 217 (Ala.Civ.App.2015), and Ex parte Alabama DHR, 154 So.3d 1060, upon further reflection, we now conclude that reversing those nonfinal judgments was error. We therefore take this opportunity to inform the bench and bar that, in cases in which there has been a termination of parental rights and there has been no disposition of the permanent legal custody of the child or children at issue in accordance with § 12-15 — 320(b),. this court will dismiss any appeal from that judgment as having been taken from a nonflnal judgment.
Having determined that the judgment appealed from in the present cases is non-flnal, we dismiss the appeals. See Schlarb v. Lee, 955 So.2d 418, 420 (Ala.2006) (a nonfinal judgment will not support an appeal).
2140528 — APPEAL DISMISSED.
2140529 — APPEAL DISMISSED.
2140530 — APPEAL DISMISSED,
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur. .