THOMAS, Judge.
In Montgomery County Department of Human Resources v. A.S.N., 206 So.3d 661, 664 (Ala.Civ.App.2016), this court reversed the judgments of the Montgomery Juvenile Court, acting through Judge Anita Kelly (“the juvenile judge”), declining to terminate the parental rights of A.S.N. and J.E.C. (“the parents”) to their children and ordered that the juvenile judge terminate the parents’ parental rights. The parents did not seek rehearing of this court’s decision, and this court issued a certificate of judgment on May 3, 2016. On that same day, the juvenile judge entered judgments stating that the parental rights of the parents were terminated; however, the judgments did not include any factual findings and failed to award *583 the Montgomery County Department of Human Resources (“DHR”) permanent legal custody of the children.
On May 5, 2016, DHR filed this petition for the writ of mandamus in which it seeks an order directing the juvenile judge to amend her judgments terminating the parents’ parental rights to include specific findings and to award DHR permanent legal custody of the children. In its petition, DHR argues that a juvenile court is required to “include in its judgment [terminating parental rights] a disposition as to the permanent legal custody of the children.” S.H. v. Macon Cty. Dep’t of Human Res., 195 So.3d 311, 313 (Ala.Civ.App.2015); see also Marshall Cty. Dep’t of Human Res. v. M.B., 176 So.3d 217, 219 (Ala.Civ.App.2015), overruled on other grounds by S.H., 195 So.3d at 314. DHR also argues, without citation to appropriate authority, that the juvenile judge should be ordered to make certain factual findings to support her judgments terminating the parents’ parental rights, including, for example, that reasonable efforts leading toward reunification of the family had been made by DHR and had failed.
The juvenile judge answered the petition, in part, by entering amended judgments specifically awarding permanent legal custody of the children to DHR. DHR responded to the answer, indicating that the entry of the amended judgments had not mooted its petition because, it contended, the juvenile judge had failed to make specific findings to support the termination-of-parental-rights judgments.
“ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court,” ’ ”
Ex parte A.M.P., 997 So.2d 1008, 1014 (Ala.2008) (quoting Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala. 2003), quoting in turn Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
As noted above, the juvenile judge has amended the judgments terminating the parental rights of the parents to expressly award DHR permanent legal custody of the children, as required by Ala.Code 1975, § 12-15-320(b), which requires the juvenile court, once it has terminated parental rights, to place a child in the permanent legal custody of “the Department of Human Resources,” another “public or private licensed child-placing agency,” or the person who petitioned for the termination of parental rights, if that person is found to be a proper custodian. The juvenile judge’s amended judgments resolve the main issue presented by DHR’s petition. Therefore, as to that issue, we dismiss DHR’s petition as moot.
We note that the juvenile judge indicates in her answer that the failure to include in the judgments a provision awarding permanent legal custody of the children to DHR was not “deliberate, purposeful, or planned.” However, we would be remiss if we did not also note that the juvenile judge has, in the past, engaged in a pattern and practice of failing to comply with statutory requirements only to take steps to comply after DHR has filed a petition for the writ of mandamus with this court. In no less than five cases in the last year, DHR has sought this court’s intervention to direct the juvenile judge to comply with the time requirements set out in Ala.Code 1975, § 12-15~320(a), and to either set a termination-of-parental-rights trial or to enter a termination-of-parental-rights judgment. See Ex parte Montgomery Cty. Dep’t of Human Res. (No. *584 2150017, November 4, 2015), — So.3d - (Ala.Civ.App.2015) (table) (petition denied); Ex parte Montgomery Cty. Dep’t of Human Res. (No. 2150016, November 4, 2015), — So.3d - (Ala.Civ.App.2015) (table) (petition denied); Ex parte Montgomery Cty. Dep’t of Human Res. (No. 2140733, July 13, 2015), — So.3d - (Ala.Civ.App.2015) (petition denied); Ex parte Montgomery Cty. Dep’t of Human Res. (No. 2140734, July 8, 2015), — So.3d - (Ala.Civ.App.2015) (petition denied); and Ex parte Montgomery Cty. Dep’t of Human Res. (No. 2140735, July 6, 2015), — So.3d - (Ala.Civ.App.2015) (petition granted by unpublished order). All but one of those petitions had been mooted by the action of the juvenile judge upon her receipt of the petition; one petition was not mooted only because the juvenile judge thought that she required our permission or instruction to enter the requested termination-of-parental-rights judgment while the petition for the writ of mandamus was pending before this court. Deliberate or not, the juvenile judge’s continued neglect of her duty to comply with the statutorily prescribed time requirements and to enter proper and compliant judgments unless and until threatened with the supervisory action of this court causes the members of this court great concern.
We turn now to DHR’s second argument—whether the juvenile judge was required to make specific factual findings to support the judgments terminating the parental rights of the parents.[1] We cannot agree with DHR that the juvenile judge was required to make such findings in her judgments. Our supreme court previously concluded that the former Alabama Child Protection Act, Ala.Code 1975, former § 26-18-1 et seq., did not require written findings of fact in a judgment terminating parental rights; the court also noted that this court had, in construing the same statute, indicated that “detailed findings in a termination order are preferable, but are not required.” Ex parte State Dep’t of Human Res., 624 So.2d 589, 593 (Ala.1993) (citing M.J.G.L. v. State Dep’t of Human Res., 587 So.2d 1004 (Ala.Civ.App.1991)). DHR has not provided, and this court cannot find, a provision in the now applicable Alabama Juvenile Justice Act, Ala. Code 1975, § 12-15-101 et seq., requiring that a termination-of-parental-rights judgment contain written findings of fact to support the judgment. Thus, DHR has not established that it has a clear legal right to the relief it seeks.
Because the juvenile judge has entered amended judgments awarding DHR permanent legal custody of the children at issue in the underlying causes, DHR’s petition insofar as it seeks that very relief is dismissed as moot. DHR’s petition insofar as it seeks an order directing the juvenile judge to include certain factual findings in her judgments terminating the parents’ parental rights is denied.
PETITION DISMISSED AS MOOT IN PART AND DENIED IN PART.
PITTMAN, MOORE, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs specially.

. We realize that the juvenile judge has now entered final judgments in the underlying causes, that, as a result, DHR would have a remedy by way of appeal of those judgments, and, thus, that DHR is not entitled to a writ of mandamus on this issue. However, because we can easily address this issue and for purposes of judicial economy, we will consider this issue in this opinion instead of requiring that DHR file an appeal of the amended judgments to challenge the failure of the juvenile judge to include written findings in the judgments.