Rel: January 10, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

———————————————

## CL-2024-0537 and CL-2024-0538

———————————————

## C.B.W.

## v.

## R.H. and J.H.

### Appeals from Baldwin Juvenile Court
### (JU-18-952.02 and JU-18-952.03)

FRIDY, Judge.

C.B.W. ("the mother") appeals from judgments of the Baldwin Juvenile Court ("the juvenile court") terminating her parental rights to her child, J.H.H. ("the child") and dismissing as moot her petition seeking

custody of, or visitation with, the child.[1] For the reasons set forth herein, we conclude that the judgment terminating the mother's parental rights is not a final judgment that is capable of supporting an appeal, that the mother's appeal from that judgment is therefore due to be dismissed, and that the judgment dismissing the mother's custody petition as moot is due to be reversed and remanded because that judgment is dependent on the judgment terminating the mother's parental rights.

Background

The child was born to the mother and J.Jo.H. ("the father") in July 2018 but had always lived in the home of R.H. ("the paternal grandmother") and J.Ju.H. ("the paternal grandfather") (collectively "the paternal grandparents"). According to the paternal grandmother, when the child was born, the mother and the father suffered from substance-abuse issues. In December 2018, the paternal grandparents obtained custody of the child pursuant to a judgment in which the juvenile court confirmed a juvenile-court referee's order finding the child dependent and awarding the paternal grandparents "sole and exclusive custody" of the

---

[1]The child's father, J.Jo.H., consented to the termination of his parental rights, and he is not a party to this appeal.

child. The judgment did not contain any provisions regarding visitation for the mother. Neither the mother nor the father appealed from the dependency judgment.

On September 22, 2021, the paternal grandparents filed a petition in the juvenile court seeking to terminate the parents' parental rights. That action was assigned case number JU-18-952.02 ("the .02 action"). In support of that petition, the paternal grandparents alleged that the mother and the father were unable or unwilling to discharge their responsibilities to and for the child and that the parents' conduct was unlikely to change in the foreseeable future. They also alleged that the mother had abandoned the child.

On October 22, 2021, the mother filed a "counter-petition for modification," asserting that she was fit and capable of being the primary physical custodian of the child and asking for custody of the child or, alternatively, for visitation with the child. The mother's modification action was assigned case number JU-18-952.03 ("the .03 action").

The juvenile court held a trial involving both the .02 and the .03 actions on June 13, 2024. On June 18, 2024, it entered a judgment in the .02 action terminating the mother's parental rights. That judgment did

not include a permanent custodial disposition of the child, however. Also on June 18, the juvenile court entered a judgment in the .03 action dismissing that action as moot.

The mother filed motions to alter, amend, or vacate both the judgment in the .02 action and the judgment in the .03 action; the motions were denied by operation of law. The mother then appealed both judgments, which were assigned case numbers CL-2024-0537 and CL-2024-0538, respectively. This court consolidated the appeals.

## Analysis

Although neither party raises the issue of whether this court has jurisdiction to consider these appeals, it is well settled "that an appellate court must initially consider whether it has jurisdiction to hear and decide an appeal: '[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.' Nunn v. Baker, 518 So. 2d 711, 712 (Ala. 1987)." Alabama Dep't of Revenue v. WestPoint Home, LLC, 256 So. 3d 1197, 1199 (Ala. Civ. App. 2018).

The Alabama Juvenile Justice Act ("the AJJA"), § 12-15-101 et seq., Ala. Code 1975, governs actions involving the termination of parental rights. § 12-15-319, Ala. Code 1975. Except in circumstances not present

here, an appeal in an action governed by the AJJA may be taken only from a final judgment. P.J. v. Shelby Cnty. Dep't of Hum. Res., 338 So. 3d 781, 784 (Ala. Civ. App. 2021). In D.L. v. E.L., [Ms. CL-2023-0198, Mar. 1, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024), a case procedurally similar to the instant case, this court discussed the issue of finality with regard to a judgment that terminates a parent's parental rights. In D.L., a child's paternal grandparents filed a petition alleging that their grandchild was dependent and requesting an award of custody of the grandchild. The juvenile court in that case granted the petition, finding the grandchild dependent and awarding the grandparents pendente lite custody. About five months later, the grandparents filed a second dependency petition based on new circumstances and again sought custody of their grandchild. The juvenile court again found the grandchild dependent, awarded the grandparents custody, and ordered that the case be closed. About fifteen months after the entry of the second dependency judgment, the grandparents filed a petition to terminate the parental rights of the parents. The juvenile court entered a judgment terminating the parent's parental rights; however, the judgment did not include a custodial disposition of the child.

On appeal, this court considered whether the judgment terminating the parent's parental rights was a final judgment. We set forth the pertinent portion of § 12-15-320(b), Ala. Code 1975, which provides:

"(b) If the juvenile court determines that the parents of a child are unwilling or unable to act as parents and terminates their parental rights, it may do the following:

"(1) Transfer or continue the permanent legal custody of the child to the Department of Human Resources or to any public or private licensed child-placing agency able and willing to assume the care and maintenance of the child. An order of the juvenile court which terminates parental rights and awards permanent legal custody to the Department of Human Resources or to a licensed child-placing agency shall mean that the Department of Human Resources or the licensed child-placing agency shall have authority to make permanent plans for the child, including the authority to place for adoption and consent to adoption.

"(2) Transfer or continue the permanent legal custody of the child to the petitioner who, after study by the Department of Human Resources, is found to be able to properly receive and care for the child."

We observed that in S.H. v. Macon County Department of Human Resources, 195 So. 3d 311 (Ala. Civ. App. 2015), and Ex parte Alabama Department of Human Resources, 154 So. 3d 1060 (Ala. Civ. App. 2014) (abrogated on other grounds by S.H., supra)), this court had interpreted

6

§ 12-15-320(b) as requiring juvenile courts in judgments terminating parental rights to specify that an award of permanent custody of the child has been made or that a previous award of permanent custody of the child is to be continued. D.L., ___ So. 3d at ___.

The judgment terminating the mother's parental rights to the child in this case did not contain a provision continuing permanent custody of the child with the paternal grandparents, nor did it otherwise award permanent custody of the child to them. See § 12-15-320(b). Applying the holding in D.L. to the substantially similar facts in this case, we conclude that the judgment was not final and will not support an appeal. D.L., ___ So. 3d at ___. We are therefore constrained to dismiss the appeal with instructions to the juvenile court to make a custody disposition in the .02 action.

Separately, the mother has also appealed the dismissal of the .03 action in which she sought custody of or visitation with the child. As noted above, the juvenile court dismissed the .03 action as moot based on its judgment terminating her parental rights in the .02 action. Because of our conclusion that the judgment in the .02 action is not final and is open to being changed, the mother's custody petition in the .03 action is

not moot. See 13B Charles Alan Wright, Arthur K. Miller, and Edward H. Cooper, Federal Practice & Procedure § 3533.2.1 (2008) (explaining that a related proceeding may not be moot when the issue of mootness turns on a decision in a related action that is subject to revision). As a result, we reverse the judgment in the .03 action and remand that action to the juvenile court. In doing so, we note that, should the juvenile court enter a final judgment in the .02 action that terminates the mother's parental rights and makes a disposition of the child's custody, it could then consider whether that judgment renders the .03 action moot and enter a new judgment in the .03 action.

## Conclusion

For the reasons set forth above, the appeal in the .02 action is dismissed with instructions to the juvenile court to comply with the requirements of § 12-15-320(b). The judgment in the .03 action is reversed, and the cause is remanded to the juvenile court for further consideration consistent with this opinion.

CL-2024-0537 -- APPEAL DISMISSED WITH INSTRUCTIONS.

CL-2024-0538 -- REVERSED AND REMANDED.

Moore, P.J., and Edwards, Hanson, and Lewis, JJ., concur.